FILED
JUN 24 2005
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BASF CORPORATION,

    Plaintiff,

v.

BRIAN AHRENS,

    Defendant.

No: 1:05cv00560

## CONSENT ORDER

This matter is before the Court on Plaintiff BASF Corporation's ("BASF") Motion for Preliminary Injunction. The Defendant consents to the entry of the Preliminary Injunction set forth below, and waives the requirement of Rule 65(d) of the Federal Rules of Civil Procedure that the order set forth the reasons for its issuance, and the requirement of Rule 52(a) of the Federal Rules of Civil Procedure that the order set forth findings of fact and conclusions of law. Except as otherwise stated herein, Defendant's consent to the below Preliminary Injunction does not constitute an admission against interest nor does it prejudice Defendant's right to fully defend himself in the underlying action

THEREFORE, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the Court hereby ORDERS that Defendant, and any person acting in concert or participation with Defendant, is RESTRAINED and ENJOINED from, in any manner or by any means, using, disclosing or otherwise misappropriating any BASF property, including any trade secret, proprietary or confidential information of BASF, and, in particular, including without limitation

939144

any and all computer folders and files that belong to BASF. To the extent Defendant has any BASF property, including without limitation any and all computer folders and files, he is ordered and directed to return them to BASF immediately.

Furthermore, Defendant and all persons with notice of this Order are prohibited from destroying, removing, transferring, or altering the following documents and things:

1. All documents and things in Defendant's possession evidencing, mentioning, derived from, or relating in any way to any trade secret, proprietary or confidential information of BASF, specifically including BASF documents, programs, folders, files, information or other property which Defendant may have received or obtained in or through his personal computer(s), compact discs, flash memory devices, zip drives, USB drives, CDs, diskettes, cellphones, any other media with capacity to store electronic data, or other computer hardware or software.

2. Defendant's personal computer(s), compact discs, flash memory devices, zip drives, USB drives, CDs, diskettes, cellphones, any other media with capacity to store electronic data, or other computer hardware or software.

3. All documents evidencing, mentioning, derived from, or relating in any way to any decision or consideration of a decision by Defendant to terminate his employment with BASF.

4. All documents in Defendant's possession evidencing, mentioning, derived from, or relating to the hiring of Defendant by Makhteshim Agan of North America, Inc., including without limitation all documents relating in any way to plans,

2

939144

discussions, considerations, contracts, relationships or arrangements between Makhteshim and Defendant.

**IT IS FURTHER ORDERED** that this Order shall be secured by the bond provided BASF on June 22, 2005, in the amount of $10,000.00

This 24th day of June, 2005.

_____
United States District Judge

**WE CONSENT:**

Robinson, Bradshaw & Hinson, P.A.

_____
Louis A. Bledsoe, III
Lawrence C. Moore, III        By VCThrall
Daniel F. Basnight            by permission
                              NC State Bar No 13732

Attorneys for Plaintiff BASF Corporation

101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: (704) 377-2536

Smith Moore, LLP

_____
George J. Oliver    by JThrall

Attorneys for Defendant Brian Ahrens

2800 Two Hannover Square
BB&T Building
Raleigh, North Carolina 27601
(919) 755-8700

3

939144